UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24863

JUAN GUINOVART,

    Plaintiff,

vs.

INNOVATIVE PROPERTY MANAGEMENT
SERVICES OF SOUTH FLORIDA, INC., and
NARANJA LAKES CONDOMINIUM NO. FIVE, INC.,

    Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME WAGES

Plaintiff, Juan Guinovart, sues Defendants, Innovative Property Management Services of South Florida, Inc., and Naranja Lakes Condominium No. Five, Inc., for unpaid/underpaid overtime wages as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Juan Guinovart**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendant who earned, but did not receive, overtime wages calculated at time and one-half times his regular rate of pay for all time he spent working over 40 hours per week from Defendant. Mr. Guinovart consents to participate in this lawsuit.

2.     **Defendant, Innovative Property Management Services of South Florida, Inc. ("Innovative")**, is a Florida for-profit corporation that conducted its for-profit business in Miami-Dade County, Florida, and it is *sui juris*. It maintained it principal place of business in

1

this District, managed buildings in this District, and was responsible for the payment of wages to Plaintiff in Miami-Dade County, Florida.

3.  **Defendant, Naranja Lakes Condominium No. Five, Inc. ("Naranja Lakes")**, is a Florida not-for-profit corporation that conducted its business in Miami-Dade County, Florida, and it is *sui juris*. It maintained it principal place of business in this District and was responsible for the payment of wages to Plaintiff in Miami-Dade County, Florida.

4.  Defendants were Plaintiff, Juan Guinovart's employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203 (d).

5.  Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transacts business in this District, maintain property within this District, maintain their places of business in this District, because Defendants employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

## *Background Facts*

6.  Defendants have at all times material engaged in interstate commerce in the course of their marketing, management, renovation, and upkeep of real property which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

7.  Defendants have had two or more employees engaged in commerce at all times material to this action.

8.  Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

9.  Furthermore, Defendants engage in interstate commerce in the course of their submission of payments for goods and receipt of payment from out-of-state payors.

10. In particular, Defendant Innovative owns and operates a property management company that manages the operations, budgeting, personnel, and staffing of and condominiums and residential associations throughout Florida using machines, computers, telephones, phone systems, computers, computer networking equipment, computer software, vehicles, paper, printer and copier toner, and other materials and supplies to engage in interstate commerce.

11. Defendant Innovative further negotiates and manages payments to and from insurers located outside of the State of Florida for Defendant Naranja Lakes.

12. Defendant Innovative advertises/markets its services on the Internet at http://www.innovproperty.com/, which domain they registered through Domain.com, LLC, a foreign corporation.

13. Defendant Naranja Lakes is a condominium association that uses machines, computers, telephones, phone systems, computers, computer networking equipment, computer software, gate operators, cleaning solutions, vacuums, brooms, cleaning supplies, fencing, and other materials and supplies to engage in interstate commerce.

14. Defendant Innovative contracts and exchanged payments to and from insurers located outside of the State of Florida.

15. Plaintiff worked for Defendants from approximately March 14, 2014 to March 18, 2016 as a custodial employee. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

16. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his performing custodial and/or

3

janitorial services while using brooms, mops, cleaning solutions, vacuums, and other goods, materials, and supplies that moved through interstate commerce.

### *Liability*

17. Defendants paid Plaintiff at the rate of $10.00 per hour.

18. Besides regularly working five (5) days per week, usually from Monday to Friday from 6:30 a.m. to 3:00 p.m, Defendants also required to work without pay on approximately five (5) legal holidays per year for which he received no payment.

19. Defendants failed to pay Plaintiff *at all* for the majority of the overtime hours that he worked by failing to include such overtime hours on his paychecks – which usually reflected that he worked *exactly* 40 hours per week – the product of usually rounding his time down to exactly 40 hours.

20. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular rate of pay for all hours worked over 40 hours in a given workweek.

21. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

22. All conditions precedent have been satisfied by Plaintiff or waived by Defendants.

23. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half his regular rate of pay for each of the overtime hours he worked during the past three years.

24. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that

4

Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay earned.

25. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Juan Guinovart, demands the entry of a judgment in his favor and against Defendants, Innovative Property Management Services of South Florida, Inc., and Naranja Lakes Condominium No. Five, Inc., after trial by jury and as follows:

- a. That Plaintiff recovers compensatory damages for all time worked and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

- b. That Plaintiff recovers pre-judgment interest if the Court does not award liquidated damages,

- c. That Plaintiff recovers an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

- d. That Plaintiff recovers all interest allowed by law;

- e. That Defendants be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

- f. Such other and further relief as the Court deems just and proper.

5

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 21st day of November, 2016.

                Respectfully Submitted,

                FAIRLAW FIRM
                *Counsel for Plaintiff*
                7300 N. Kendall Drive
                Suite 450
                Miami, FL 33156
                Tel:    305.230.4884
                Fax:   305.230.4844

                s/*Brian H. Pollock, Esq.*
                Brian H. Pollock, Esq.
                Fla. Bar No. 174742
                brian@fairlawattorney.com

6

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com